IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| RICHARD L. JERNIGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 1:18-cv-344 ) |
| PALMER RECOVERY ATTORNEYS, PLLC, | ) ) ) JURY DEMAND |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through his attorney, and avers against the Defendant the following:

## INTRODUCTION

1. The Plaintiff seeks damages under the Fair Debt Collection Practices Act (FDCPA) for Defendant's seeking collection of a debt the Plaintiff did not owe.

## PARTIES

2. Plaintiff is a resident citizen of Baldwin County, Alabama.

3. Plaintiff is a "consumer" as defined by both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

4. Defendant Palmer Recovery Attorneys, PLLC ("Palmer") is a Florida corporation whose principal place of business is 260 Wekiva Springs Rd., Suite

2090, Longwood, Florida, 32779.

5. Defendant is a "debt collector" under the FDCPA according to 15 U.S.C. §1692a(6).

6. Upon information and belief, the principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

8. This Court has personal jurisdiction over the Defendant because the Defendant has engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

9. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

10. At all times relevant to this proceeding, the Defendant was acting in an attempt to collect from the Plaintiff a debt it claimed had been owed to Publix Super Markets, Inc. ("Publix"), Plaintiff's prior employer.

11. On July 6, 2018, Palmer sent Plaintiff a letter in which it accused the Plaintiff of owing $3,037.39, and demanding payment of such debt on behalf of

Publix. Palmer stated that said debt must be paid in full within ten days in order to resolve the matter. A copy of the letter is attached as Exhibit A.

12. The Plaintiff, however, did not owe Defendant that money for any such account. The Plaintiff had previously, on May 21, 2018, advised Publix that it owed no money but in a good faith attempt to mediate the matter, Plaintiff tendered a check in the amount of $2,432.86. A copy of Plaintiff's letter is attached as Exhibit B.

13. Palmer's debt collection letter of July 6, 2018 was false and knowingly false because it had already received Plaintiff's payment reducing their claim to $604.53, a fact which it in fact acknowledged in a previous written letter. A copy of said letter is attached as Exhibit C.

14. Palmer's collection letter of July 6, 2018 threatens Plaintiff with suit to satisfy its collection efforts.

15. Palmer's collection letter of July 6, 2018 states that "No attorney with this firm has personally reviewed your account or the particular circumstance of your account." This representation also was false, as Plaintiff had previously received a letter from Aaron Morse, an attorney with Palmer, advising him that this debt was only $604.53, not the amount claimed in the July 6, 2018 collection letter. *See* Exhibit C.

16. Had Defendant undertaken a reasonable investigation into Plaintiff's

dispute, it would have realized that it had no right to ask him for any money, much less to threaten a lawsuit against him.

17. Upon information and belief, it is a pattern and practice of the Defendant to threaten lawsuits against consumers like the Plaintiff without undertaking any sufficient investigations into the factual basis of the alleged debts.

18. The Defendants' course of action in attempting to collect this debt have caused the Plaintiff damages in the following ways:

(a) He had to hire a lawyer to defend himself;

(b) This entire ordeal has been mentally and physically taxing, and has caused him natural anger, frustration, stress, humiliation, fear for his family's financial well-being, and unjustified and abusive invasion of his personal privacy; and

(c) Damage to his credit and reputation.

## CAUSE OF ACTION

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

20. 15 U.S.C. §1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

21. 15 U.S.C. §1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

22. Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing to the Plaintiff that the Plaintiff owed $3,037.39 to Publix.

23. As a result of Defendants' violations of the 15 U.S.C. §1692e, Plaintiff is entitled to actual damages, statutory damages, expenses, costs, and reasonable attorney's fees.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendants for the following:

A) Actual damages arising from the Defendants' violations of the Fair Debt Collection Practices Act;

B) Statutory damages of One Thousand Dollars ($1000) from Defendant for its violations of the Fair Debt Collection Practices Act;

C) Costs, expenses, and reasonable attorney's fees incurred in bringing this action;

D) A trial before a struck jury;

E) For such other, further, and general relief as Your Honor deems just and proper;

RESPECTFULLY SUBMITTED this the 1st day of August, 2018,

                                        */s/ Henry Brewster*
                                        HENRY BREWSTER (BREWH7737)
                                        **HENRY BREWSTER, LLC**
                                        205 N. Conception Street
                                        Mobile, AL 36603
                                        Telephone: (251) 338-0630
                                        Facsimile:  (251) 338-0632
                                        Email: hbrewster@brewsterlaw.net

                                        ATTORNEY FOR PLAINTIFF

DEFENDANT MAY BE SERVED AT:

PALMER RECOVERY ATTORNEYS, PLLC
c/o Aaron James Morse
260 Wekiva Springs Rd.
Suite 2090
Longwood, Florida, 32779