IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD JERNIGAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:18-00344-JB-N |
| | ) |
| PALMER RECOVERY ATTORNEYS, PLLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Plaintiff's Petition for Attorney's Fees, Costs, and Expenses (doc. 12) and Bill of Costs (doc. 11).

Plaintiff commenced this action on August 1, 2018, for violation of the Fair Debt Collection Practices Act ("FDCPA" (15 U.S.C. § 1692)) (doc. 1).  Defendant was served with Plaintiff's Complaint on August 20, 2018 (doc. 6) but failed to answer or otherwise respond.  The Clerk entered default against Defendant on September 28, 2018 (doc. 8).  On January 3, 2019, the Court entered an Order and Judgment against Defendant in the amount of $2,000.00 (doc. 10).  That amount consisted of a $1,000.00 statutory penalty under § 692k(a)(2) and $1,000.00 for emotional distress damages.

Plaintiff's instant Petition seeks an award of fees and cost in the amount of $2,267.40, pursuant to section 1692k(a)(3).  No response to the Petition has been filed.  Having considered the premises of the Petition and counsel's declaration filed therewith, the Court finds that the Petition is due to be **GRANTED**.

**I.     The Attorney's Fee Standard**

Section 1692k(a)(3) of the FDCPA allows a plaintiff in "any successful action" to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." A "successful action" for purposes of § 1692k(a)(3) includes one resulting in an award of even a

nominal statutory amount.  *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. Appx. 161, 164 (11th. Cir. 2008) ("a plaintiff who wins a nominal amount of statutory damages has brought a 'successful action' under 15 U.S.C.  § 1692k(a)(3) (1992)" (*citing Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305 (11th Cir. 2002)).

A reasonable attorney's fee is initially estimated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Moton v. Nathan & Nathan, P.C.*, 297 Fed. Appx. 930, 931 (11th Cir. 2008) ("Under the Supreme Court's approach, … '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' [*Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993)] (*quoting Blum [v. Stenson]*, 465 U.S. [886,] 888, 104 S.Ct. 1541 [(1984)]."); and *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate") (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1984)). [1]  The product of reasonable hours times reasonable rate is referred to as the "lodestar."  *Galbreath v. Hale Cty., Ala. Comm'n*, 2017 U.S. Dist. LEXIS 132019 at * 3 (S.D. Ala., August 17, 2017) (*citing Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S.Ct. 1933, 76 L.Ed. 40 (1983)).  The lodestar is strongly presumed to represent a reasonable attorney's fee.  *Id.*

A "reasonable hourly rate" is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id.* at * 7 (*citing Blum*, 465 U.S. at 895 – 96 n.11).  The fee applicant bears the burden to produce "satisfactory evidence that the requested rate is in line with prevailing market rates."  *Norman*, 836 F.2d at 1299.  The Court is itself an expert on the issue of what constitutes a reasonable rate.  *Perez v. Carey Int'l, Inc.,* 373 Fed. Appx. 907, 913 (11th Cir. 2010) ("In determining a reasonable hourly rate, '[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees'") (*quoting Loranger v. Stierheim*, 10 F.3d

---

[1] Although the Supreme Court decisions in *Blum* and *Hensley* involved attorneys' fee awards in civil rights actions, the interpretation of § 1692k(a)(3) of the FDCPA is properly guided by Supreme Court precedent in civil rights fee-shifting cases.  *Moton*, 297 Fed. Appx. at 931 (*citing Hollis*, 984 F.2d at 1161).

776, 781 (11th Cir. 1994)).  The Court may rely on its own experience in determining a reasonable fee without the assistance of witness testimony.  *Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

A movant's burden to establish a reasonable hourly rate requires more than an affidavit of the attorney performing the services at issue.  *Norman*, 836 F.2d at 1303 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work."). Likewise, mere testimony that a particular fee is reasonable is insufficient.  *Id.*  Rather, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* at 1299.  Such evidence "may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."  *Id.  See also Duckworth v. Whisenant*, 97 F.3d 1393, 1395 (11th Cir. 1996) ("this circuit has recognized that a movant may meet his burden [to demonstrate a requested rate corresponds with the prevailing market rate] by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates.").

In calculating the lodestar, the Court may consider the "relevant factors among the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, [488 F.2d 714, 717 -719 (5th Cir. 1974)]."  *Galbreath*, 2017 U.S. Dist. LEXIS 132019 at * 3 n.2 (S.D. Ala., August 17, 2017) (citing *Bivens v. Wrap it Up, Inc.*, 548 F.2d 1348, 1350 (11th Cir. 2008) ("the *Johnson* factors are to be considered in determining the lodestar figure")).  The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability["] of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases.

*Galbreath*, 2017 U.S. Dist. LEXIS 132019 at *3 n.2.  The Eleventh Circuit in *Norman* commended the *Johnson* factors to the district courts, "to the extent that [the factors] suggest that

comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court."[2]

The Court may adjust the lodestar "to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006).  However, "[w]hen the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Bivins*, 548 F.3d at 1350-51.  Enhancement of the lodestar is warranted only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.  To support an enhancement, a movant "must produce specific evidence" that it is "necessary to provide fair and reasonable compensation." *Id.* at 553.

## II.     The Plaintiff's Petition

Plaintiff seeks an attorney's fee award of $1,855.00, representing 5.3 hours multiplied by an hourly rate of $350.  In support of the requested rate, Plaintiff offers a declaration of his counsel (doc. 12-1) which sets out counsel's vast legal experience in this district spanning some thirty-eight (38) years. Counsel's declaration also notes his superior ranking in numerous authoritative publications.  The declaration recounts counsel's experience in consumer law, and his contribution of two chapters to the *Consumer Law Manual*, an Alabama Consortium of Legal Services Program publication.  In 2009, counsel was appointed to an Alabama State Bar Task Force "to consider creating a Federal Court Practices Section, a ten-person group that contains an equal number of Alabama practitioners and United States District Court Judges." (Doc. 12-1 at pp. 3 - 4).  These details of counsel's ability, experience and reputation are among the *Johnson* factors which may be properly considered in determining a reasonable hourly rate.  See

---

[2] The *Johnson* factors may be considered in determining the lodestar figure.  They should not be "reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (*citing Burlington v. Dague*, 504 U.S. 557, 562-63 (1992)).

*Galbreath*, 2017 U.S. Dist. LEXIS 132019 at *9 ("*Johnson* factors three and nine - 'the skill requisite to perform the legal service properly' and 'the attorney's experience, reputation and ability' - may be considered in determining a reasonable hourly rate.").

In addition to counsel's superior qualifications, of which this Court is independently aware, counsel's declaration lists other cases in which fees were awarded for counsel's services (doc. 12-1 at pp. 4 - 6).  The declaration cites three cases in this district in which counsel was awarded an hourly rate of $300 or greater, since 2012.  The most recent award, in 2016, approved a rate of $325 per hour.   (Doc. 12-1, citing *Brown v. Lambert's Café III*, (15-cv-00029-CG-C)).  Counsel states that in the three years since that award, he has prosecuted 25 additional cases in this district.   The Court also notes that an hourly rate of $250 was approved in *Byrd v. Gregory Barro, P.L.C.*, 2011 U.S. Dist. LEXIS 22284, 20122 WL 814544, at *14 (S.D. Ala. Feb. 16, 2011), which was a FDCPA case litigated in 2011 by an attorney with less experience than counsel.  The $250 hourly rate approved in *Byrd* represented a $50 an hour increase (a twenty-five percent increase) from a rate approved for the same counsel in a case concluded six years prior.

Prior awards in similar cases are considerations expressed in the the fifth and twelfth *Johnson* factors.  Though not afforded controlling weight, prior awards are "relevant and instructive" to this Court's determination of whether Plaintiff's requested rate of $350 per hour is in line "'with prevailing market rates' in this judicial district for attorneys of reasonably comparable skill, experience, and reputation" to that of counsel. *Galbreath*, 2017 U.S. Dist. LEXIS 132019 at *8 (*citing Norman*, 836 F.2d at 1299). Having considered all of the foregoing, and based on the Court's own knowledge and experience, the Court finds that $350 per hour is a reasonable hourly rate for this counsel in this district.  The court finds that an hourly rate of $350 is in line with prevailing market hourly rates in this district for reasonably comparable skilled litigators.  The rate represents a $25 per hour increase (an approximately 8 percent increase) from the rate approved for counsel in 2016 and takes into account counsel's increase in experience since that time.

As for the hours claimed in the Petition, the Court finds all hours are properly set out and were reasonably expended in achieving the judgment rendered for Plaintiff.   The Court

specifically finds that 5.3 hours spent by counsel in this case represents a reasonable quantity of time and that there are not unreasonable, excessive or duplicative times claims.

The lodestar calculation is thus 5.3 hours multiplied by an hourly rate of $350, producing a lodestar amount of $1,855.00.  The Court does not find any request for an adjustment to the lodestar amount, and therefore does not reach that issue.  The Court also finds and concludes that Plaintiff incurred costs and expenses in the amount of $412.40 in the prosecution of this action, and that they were reasonably and necessarily incurred.

### III.     Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Petition for Attorney's Fees, Costs, and Expenses (doc. 12).  Plaintiff is hereby awarded attorney's fees in the amount of $1,855 and costs and expenses in the amount of $412.40.  The total amount awarded on Plaintiff's Petition is **$2,267.40.**

**DONE and ORDERED** this 27st day of March, 2019.

s/JEFFREY U. BEAVERSTOCK  
UNITED STATES DISTRICT JUDGE